**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3545
_____

UNITED STATES OF AMERICA

v.

ANTHONY TAYLOR,
Appellant

_____

Appeal from the United States District Court
For the Western District of Pennsylvania
(District Court No. 2-18-cr-00093-001)
District Judge: Hon. Arthur J. Schwab

_____

Argued: March 11, 2021

Before: Smith, McKee, Ambro, *Circuit Judges*.

(Opinion filed: May 18, 2021)

_____

OPINION[*]
_____

Keith M. Donoghue    [ARGUED]
Federal Community Defender Office for the
Eastern District of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA19106
        *Counsel for Appellant*

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Donovan J. Cocas      [ARGUED]
Laura S. Irwin
Office of United States Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
        *Counsel for Appellee*

McKee, *Circuit Judge.*

Anthony Taylor claims the District Court erred in denying his motion to suppress and failing to sua sponte exclude testimony from multiple witnesses.[1] For the following reasons, we will affirm.

## I.

Taylor challenges the scope of the search warrant which permitted seizure of "[a]ny and all cellular telephones utilized in the furtherance of" drug trafficking operations.[2] We review the District Court's denial of the motion to suppress under a mixed standard, reviewing the law de novo and facts for clear error.[3]

Under the Fourth Amendment, warrants shall only be issued upon a showing of probable cause.[4] Warrants must "particularly describ[e] the place to be searched, and the persons or things to be seized."[5] A warrant must be particular so as to prevent

---

[1] Appellant's Br. at 17-19.
[2] *Id.* at 20; Joint Appendix at 34.
[3] *United States v. Lewis*, 672 F.3d 232, 236-37 (3d Cir. 2012) (citing *United States v. Tracey*, 597 F.3d 140, 146 (3d Cir. 2010)).
[4] U.S. Const. Amend. IV.
[5] *Id.*

authorization of "a general exploratory rummaging in a person's belongings."[6] However, even if a warrant is deemed overbroad, the exclusionary rule may not apply where "an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope."[7] In analyzing the totality of the circumstances, good faith must take into account both the defects of the warrant as well as "the officer's conduct in obtaining and executing the warrant and what the officer knew or should have known."[8] Good faith will not apply where the officer's conduct was "deliberate, reckless, or grossly negligent," and thus "the benefits of deterring future misconduct 'outweigh the costs' of excluding the evidence."[9]

Taylor contends that the description of "any and all cellular telephones" contained in this warrant is overly broad and thus lacks the requisite particularity.[10] Although a warrant allowing seizure of "any and all cellular telephones" may be overbroad, this record supports a finding that the warrant was obtained and executed in good faith. The agent knew that Taylor had used cellphones in brokering controlled purchases of heroin,[11] and that multiple cellphones are often used in drug trafficking operations.[12]

---

[6] *United States v. Yusuf*, 461 F.3d 374, 393 (3d Cir. 2006) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971)).

[7] *United States v. Leon*, 468 U.S. 897, 920 (1984).

[8] *United States v. Franz*, 772 F.3d 134, 147 (3d Cir. 2014).

[9] *Id.* (quoting *United States v. Tracey*, 597 F.3d 140, 151 (3d Cir. 2010)).

[10] Appellant's Br. at 17.

[11] *Id.* at 27-28.

[12] *See id.* at 31 (where the investigating agent asserts that, in his training and experience, "mobile telephones are an essential part of the drug trafficking business" and "drug traffickers often have more than one mobile telephone and/or mobile telephone number in order to make it more difficult for law enforcement to detect their illegal activities.").

Based on this knowledge, the agent obtained a warrant for cellphones, and only two cellphones were seized from Taylor's home.[13] The conduct of the officers in obtaining and executing the warrant was objectively reasonable, and thus the good faith exception applies.

## II.

Taylor also asserts that the evidence custodian's testimony regarding extraction and examination of the smart phone data was admitted in violation of Federal Rule of Criminal Procedure 16 and Federal Rule of Evidence 702.[14] We review this unpreserved claim for plain error.[15]

Federal Rule of Evidence 702 allows qualified experts to testify to "scientific, technical, or other specialized knowledge."[16] Federal Rule of Criminal Procedure 16 requires pretrial notice of intended expert testimony at the defendant's request.[17]

The evidence custodian testified about the extraction of cellphone data via Cellebrite technology and examination of usernames, browser search history, and other information obtained in that process.[18] According to his uncontradicted testimony, the witness simply ran a computer "app" to extract the information and generate a report.[19]

---

[13] Joint Appendix at 38.
[14] Appellant's Br. at 35.
[15] *Id.* at 2; *United States v. Andrews*, 681 F.3d 509, 517 (3d Cir. 2012).
[16] Fed. R. Evid. 702(a).
[17] Fed. R. Crim. P. 16(a)(1)(G).
[18] Joint Appendix at 632-46.
[19] *Id.* at 671.

4

He also testified without contradiction that "[t]his report I'm able to duplicate just as easy as anybody else."[20] We therefore find no plain error.

To the extent the custodian testified as to the accuracy of the process or its interpretations using specialized knowledge outside the report, any error was either invited by Taylor or harmless because Taylor did not contend that the report inaccurately represented the phone contents. Again, there is no plain error.

### III.

Finally, Taylor contends that the District Court erred in admitting hearsay statements from unidentified declarants regarding his possible engagement in interstate drug purchases.[21] We also review this unpreserved claim for plain error.[22] Thus, Taylor bears the burden of demonstrating that the error was not harmless.[23] An error is not harmless if it affects the appellant's substantial rights, thus affecting the outcome of the district court proceedings.[24]

The two cooperating witnesses testified that they were told that Taylor traveled to Detroit to purchase drugs.[25] We agree that this testimony was inadmissible hearsay, and that the District Court erred in admitting the statements. However, even absent this testimony, there was overwhelming evidence of Taylor's drug trafficking. That evidence

---

[20] *Id.* at 633.
[21] Appellant's Br. at 50.
[22] *Id.* at 3; *Andrews*, 681 F.3d at 517.
[23] *Andrews*, 681 F.3d at 521 (citing *United States v. Olano*, 507 U.S. 725, 734 (1993)).
[24] *Id.* (citing *Olano*, 507 U.S. at 734).
[25] Joint Appendix at 498-99, 606-07.

included Taylor's own statements that he took trips similar to those described in the inadmissible hearsay.[26]

## IV.

For the foregoing reasons, we will affirm the judgment of conviction.

---

[26] *Id.* at 744-47.